(Decided 5th December, 1883.)

---

WILLIAM SCHLUDERBERG *vs.* ALEXANDER H. ROBERTSON, Assignee of THE HARRISON BUILDING ASSOCIATION, NO. 7, OF BALTIMORE CITY.

*Appeal—Liability for Costs—Personal judgment—Rights of Assignee of Mortgaged property.*

In December, 1817, S. purchased of R. certain leasehold property subject to a balance due on a mortgage thereof. · In August, 1880, A. H. R. became the assignee of this mortgage, and on proceedings instituted by him, a decree was passed for the sale of the mortgaged premises. Subsequently, in June, 1881, an auditor's account was stated, ascertaining the balance due on the mortgage, including all interest and costs to that date, and this account was finally ratified by an order of the 7th of October, 1881. The amount thus ascertained, after deducting a small sum conceded to be in excess, was duly paid by S. as assignee of the mortgaged property or equity of redemption. From the order of ratification R., the original mortgagor, appealed, but S. did not join in the appeal. The appeal was dismissed with costs to the appellee. Subsequently, on the petition of A. H. R. an order was passed requiring R. or S. to bring into Court the costs awarded the petitioner in the Court of Appeals, and in default thereof, it was adjudged that the order previously passed restraining the sale of the mortgaged premises be rescinded. Thereupon S. filed his petition praying that the attempted sale of the mortgaged property be restrained, and the original decree entered satisfied. The Court

Schluderberg *vs.* Robertson, Assignee.

dismissed the petition of S. and denied him the relief prayed. On the appeal of S. it was HELD:

1st. That the order dismissing the petition of S. and denying him the relief prayed, was a proper subject of appeal.

2nd. That S. who was not a party to the appeal, was not, nor was the property previously purchased by him of R. bound for the costs awarded against the latter.

3rd. That the judgment for costs on the appeal of R. was a personal judgment that in no manner bound the property previously sold and conveyed to S., and for which he had fully paid.

4th. That having fully paid the entire balance of the mortgage debt, with all interest and costs included in the auditor's account to that date, S. was not only entitled to have the attempted sale of the mortgaged property restrained, but to have the original decree for the sale entered satisfied.

APPEAL from the Circuit Court of Baltimore City.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., ROBINSON, IRVING, and BRYAN, J.

*Luther M. Reynolds,* for the appellant.

*A. H. Robertson,* for the appellee.

ALVEY, C. J., delivered the opinion of the Court.

The motion to dismiss the appeal in this case must be overruled. The order of the 9th of Dec. 1882, from which the appeal is taken, dismissed the petition of the appellant, and denied him all relief therein prayed. In the petition it is alleged that the mortgage debt, with all interest thereon, and all costs for which the petitioner was liable, had been paid, and overpaid; so that there was nothing in fact due from the appellant. The relief prayed in the petition was that the attempted sale of the mortgaged

property should be restrained, and the original decree of sale entered satisfied. The order denying the relief and dismissing the petition was clearly a proper subject of appeal.

The only question presented on the appeal is, whether the appellant, as assignee of Rau, the original mortgagor, is liable for the costs incurred by the appellee on an appeal by Rau, taken to this Court, subsequent to the assignment of the mortgaged premises to the appellant by Rau. It appears that the assignment of the leasehold interest held by Rau to the present appellant, subject to a balance due on a mortgage thereof that had been assigned to the present appellee, was made in December, 1877. Subsequently, that is to say, in June, 1881, an auditor's account was stated, ascertaining the balance due on the mortgage, including all interest and costs to that date, and which account was finally ratified, by an order of the 7th of October, 1881. The amount thus ascertained, after deducting a small sum, conceded to be in excess, was duly paid by the present appellant as assignee of the mortgaged property, or equity of redemption. From the order of ratification, however, Rau, the original mortgagor, appealed; but in which appeal the present appellant did not join. The appeal was dismissed by this Court, upon the ground that Rau had no interest that was affected by the order appealed from that entitled him to an appeal; and his appeal was therefore dismissed with costs to the appellee.

It is too clear for question that the present appellant, who was not a party to that appeal, is not, nor is the property previously purchased by him of Rau, bound for the costs awarded against the latter. The judgment for costs in that case was a personal judgment that in no manner bound the property previously sold and conveyed to the present appellant, and for which he had fully paid. It was not competent to Rau so to charge and incumber the

Schluderberg *vs.* Robertson, Assignee.

property previously sold by him. Having fully paid off the entire balance of the mortgage debt, with all interest and costs included in the auditor's account to that date, the appellant was not only entitled to have the attempted sale of the property restrained, but to have the original decree entered satisfied. We shall therefore reverse the order appealed from, and remand the cause that the appellant may obtain the relief to which he is entitled.

*Order reversed, and*
*cause remanded.*

(Decided 13th December, 1883.)